IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WLES LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-3527-N |
| | § | |
| WILL SOWELL, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Plaintiff WLES LP's ("WLES") motion to remand [3]. For the following reasons, the Court grants the motion.

## I. ORIGINS OF THE MOTION

On August 25, 2025, WLES filed its Original Petition in state court against Defendant Will Sowell, a Pathward N. A. ("Pathward") employee, and amended the petition to add Pathward as a defendant on November 25, 2025. Pl.'s Mot. Remand 1 [3]. In its amended petition, WLES alleged that Sowell and Pathward (collectively "Defendants") tortiously interfered with current contracts and prospective business relations by unlawfully terminating a merchant services agreement between Pathward and PayNetworx ("PNX"), a subsidiary of WLES and WLES's payment processor. *Id.* ¶ 4. Additionally, WLES alleges that Sowell provided false and/or misleading statements about PNX to card networks, causing the card networks to terminate PNX's Bank Identification Numbers ("BINs") and preventing PNX from processing any credit or debit card transactions for its merchants. *Id.* ¶ 5.

Defendants removed this case from state court on December 23, 2025, on the basis of diversity jurisdiction. Notice of Removal ¶ 4 [1]. However, the parties dispute whether this case meets the complete diversity of citizenship requirement of 28 U.S.C. § 1441. *See id*. ¶¶ 3–4; Pl.'s Mot. Br. ¶¶ 11–12. WLES moves to remand the case back to state court.

## II. Removal Standards in the Fifth Circuit

A defendant may remove a state court suit only if the action originally could have been brought in federal court. 28 U.S.C. § 1441(a). The removing defendant bears the burden of establishing federal jurisdiction. *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The Court must determine whether jurisdiction exists by considering the claims in the plaintiff's state court petition as it existed at the time of removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

If the requirements for federal jurisdiction are not apparent from the plaintiff's state court petition, the removing defendant may present facts and evidence in its notice of removal or by affidavit to establish that jurisdiction existed at the time of removal. *See Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003); *see also Gasch ex rel. Z.G. v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 283 n.27 (5th Cir. 2007) (noting that a court considering a motion to remand "may pierce the pleadings and consider summary judgment evidence") (internal citations omitted).

However, "[b]ecause removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). A district court must remand a case if,

at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Accordingly, when diversity serves as the basis for removal, the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000 and that the parties are citizens of different states. 28 U.S.C. § 1332(a); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).

A defendant may meet its amount in controversy burden in one of two ways: "(1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth the facts in controversy — preferably in the removal petition, but sometimes by affidavit — that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (quoting *Allen*, 63 F.3d at 1335). When a plaintiff seeks declaratory relief, "the amount in controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'" *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)).

## III. THE COURT GRANTS WLES'S MOTION TO REMAND

The parties here dispute whether the parties have complete diversity. WLES, the owner of payment processor PNX, is a Texas-based LLP. Pl.'s Mot. Br. ¶ 9. Sowell is a Texas resident and an employee of Pathward, a South Dakota-based banking association. Notice of Removal ¶ 8. WLES argues that the case lacks complete diversity because Sowell is a non-diverse party. Pl.'s Mot. Br. ¶ 11. Pathward, however, argues that WLES improperly joined Sowell and thus his domicile is irrelevant because WLES can't sustain

a claim against Sowell. Notice of Removal ¶ 16-20. Thus, whether the parties have complete diversity depends on whether WLES has a plausible theory of recovery against Sowell in state court.

The Fifth Circuit explained that "if the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). "Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McKee v. Kansas City S. Ry. Co.,* 358 F.3d 329, 333 (5th Cir. 2004). In the present case, only the second method is relevant. Ultimately, the defendant bears the burden of establishing improper joinder: "the test for fraudulent joinder is whether *the defendant has demonstrated* that there is no possibility of recovery by the plaintiff against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (emphasis in original).

Here, Pathward has not demonstrated that WLES has no possibility of recovery on its claim against Sowell. WLES asserts a claim for tortious interference with prospective business relations against Defendants. The elements of tortious interference with a contract are: "(1) the existence of a contract subject to interference, (2) the occurrence of an act of interference that was willful and intentional, (3) the act was a proximate cause of the plaintiff's damage, and (4) actual damage or loss occurred." *Holloway v. Skinner*, 898 S.W.2d 793, 795–96 (Tex. 1995). Pathward argues that WLES cannot sustain its individual

claim against Sowell because, as a division president at Pathward, he acted within the course and scope of his employment when he communicated with the card networks. Defs.' Resp. ¶ 26 [5].

Generally, the actions of a corporate agent on behalf of the corporation are considered the corporation's acts. *Holloway v. Skinner*, 898 S.W.2d 793, 795 (Tex. 1995). Therefore, "an officer or director [of a corporation] may not be held liable in damages for inducing the corporation to violate a contractual obligation, provided that the officer or director acts in good faith and believes that what he does is for the best interest of the corporation." *Id.* (citing *Maxey v. Citizen's Nat'l Bank,* 507 S.W.2d 722, 726 (Tex. 1974)). Thus, to establish a prima facie case of tortious interference under such circumstances, "the plaintiff must show that the defendant acted in a fashion so contrary to the corporation's best interests that his actions could only have been motivated by personal interests." Here, WLES alleges that Sowell acted "in direct contradiction" of an assurance from Pathward's General Counsel that Pathward would give PNX 365 days to transfer its merchant portfolio to another bank. Pl.'s Mot. Br. ¶ 24-26. WLES thus alleges that, by communicating prematurely with the card networks, Sowell acted outside the scope of his employment and against the corporation's best interests. *Id.* Assuming the truth of the allegations in the petition, the Court concludes that it is possible for WLES to recover against Sowell for tortious interference in state court on these facts.

Furthermore, the Court need not reach the merits of Pathward's corporate agent defense. At this stage, the Court's task is to determine whether Pathward has demonstrated that WLES has *no possibility* of recovery in state court against Sowell. *Smallwood*, 385

F.3d 568, 574 (5th Cir. 2004) ("we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."). Here, Pathward has not identified undisputed facts that preclude WLES's recovery against Sowell. Thus, the Court grants the motion to remand. It is, therefore, ordered that this case is remanded to the 191st Judicial District Court of the State of Texas in Dallas County.

## CONCLUSION

For the foregoing reasons, the Court grants the motion to remand.

Signed August 17, 2026.

David C. Godbey
Senior United States District Judge